09-3723-cv
Dean v. Eli Lilly & Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of July, two thousand ten.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          DENNY CHIN,
              *Circuit Judges.*

------------------------------------------------------
DWIGHT L. DEAN,

             *Plaintiff-Appellant*,

        v.                                              No. 09-3723-cv

ELI LILLY & CO.,

             *Defendant-Appellee*.
------------------------------------------------------

APPEARING FOR APPELLANT:     JORDAN M. KIRBY, The Ferraro Law Firm, P.A., Miami, Florida.

APPEARING FOR APPELLEE:      ERIC ROTHSCHILD (Nina M. Gussack, Andrew R. Rogoff, *on the brief*), Pepper Hamilton, LLP, Philadelphia, Pennsylvania.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 1, 2009 judgment of the district court is AFFIRMED.

Plaintiff Dwight L. Dean appeals from an award of summary judgment in favor of defendant Eli Lilly & Co. ("Lilly") in this diversity action for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Lilly. We review such a ruling de novo, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). In doing so, we assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

Dean, who suffers from schizophrenia, was prescribed Zyprexa first in September 1998, and almost continuously from June 2002 until October 2006, when he was diagnosed with diabetes. Dean asserts that Zyprexa caused his diabetes and that he would not have been prescribed Zyprexa had Lilly properly warned of the drug's dangers.

To prevail on his failure-to-warn claim under Florida law,[1] Dean must demonstrate

---

[1] It is undisputed that Florida law governs this action, which arises from events occurring in Florida and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation.

both that Lilly failed to provide an adequate warning "of dangers inherent in the use" of Zyprexa, Zanzuri v. G.D. Searle & Co., 748 F. Supp. 1511, 1514 (S.D. Fla. 1990), and that the omission was the proximate cause of his injury, see Christopher v. Cutter Labs., 53 F.3d 1184, 1191 (11th Cir. 1995); Beale v. Biomet, Inc., 492 F. Supp. 2d 1360, 1365 (S.D. Fla. 2007). Dean faults the district court's reliance on the "learned intermediary" doctrine to support its conclusion that Dean could not make such a showing. See Zanzuri v. G.D. Searle & Co., 748 F. Supp. at 1514-15 (collecting cases demonstrating Florida's adherence to doctrine under which "manufacturer of a prescription drug discharges its duty to warn by providing an adequate warning to the prescribing physician").

Upon de novo review, we agree with the district court that Lilly is entitled to the learned intermediary defense as a matter of law. Dean's physician, Dr. Roger Rousseau, testified that, when he first prescribed Zyprexa to Dean in June 2002, he was aware of a link between the drug and diabetes:

Q:   And then does the weight gain relate to the risk of other potential consequences?
A:   Yes, sir.
Q:   What are they?
A:   Well, obesity, you know, diabetes; those.
Q    Okay. So is that what you were looking to see whether [Dean] was experiencing at that time, when you first prescribed Zyprexa?
A:   Yes.

3

Rousseau Dep. at 34-35.[2] Dr. Rousseau testified further that nothing he learned after 2002 caused him to second-guess his decisions about Dean's treatment. Id. at 54-55. This testimony is sufficient to demonstrate that Dr. Rousseau had "actual knowledge of the substance of the alleged warning and would have taken the same course of action even with the information the plaintiff contends should have been provided." Beale v. Biomet, 492 F. Supp. 2d at 1371 (internal quotation marks omitted). Such evidence breaks the causal chain between the purported inadequacy of Lilly's warnings and the alleged injury to Dean.

Dean nevertheless contends that his case falls within an exception to the learned intermediary doctrine applicable where "overpromotion of a product negates any warnings." Id. at 1377.[3] We are not persuaded. Although the record reflects a vigorous sales campaign for Zyprexa aimed at Dr. Rousseau, Dean points to no evidence that Lilly's salespeople either misled Dr. Rousseau about the link between Zyprexa and diabetes or caused Dr. Rousseau to prescribe Zyprexa to Dean. Cf. id. (collecting cases in which sales representatives "made the drug appear much safer than it actually was"); In re Zyprexa Prods. Liab. Litig., 489 F. Supp. 2d 230, 252-54 (E.D.N.Y. 2007) (describing outright denial by Lilly salespeople of

_____

[2] Dean does not challenge the district court's determination that he failed to raise a triable question of fact as to whether an alternate warning would have caused Dr. Fernando Mendez-Villamil, who prescribed Zyprexa to Dean between 1998 and 2002, to do otherwise.

[3] Although Beale discusses overpromotion, neither it nor any other Florida case cited to this court actually applies the exception. Assuming arguendo that the exception is recognized in Florida law, we conclude, for the reasons explained in text, that it does not apply here.

4

Zyprexa-diabetes link). Rather, the evidence indicates that Dr. Rousseau's prescription of Zyprexa for Dean was based on Dean's prior success on the drug, the expressed wishes of Dean's family, and Dr. Rousseau's own assessment of Dean's needs. Thus, even if an overpromotion exception to the learned intermediary doctrine exists under Florida law, it does not apply here because no record evidence indicates that overpromotion induced prescription of Zyprexa to Dean. See Beale v. Biomet, 492 F. Supp. at 1377.

We have considered Dean's remaining arguments on appeal, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5